## Isaac Lothrop *vs.* Samuel S. Abbott.

The return of an officer on a writ, that he has attached certain articles of personal property, in the absence of all opposing testimony, is sufficient evidence of a valid attachment until judgment is rendered in the suit, and for thirty days after judgment.

Exceptions from the Court of Common Pleas, Perham J. presiding.

Replevin for a pair of oxen. The defendant justified the taking of the oxen under an attachment of them by an officer, *August* 12, 1835, as the property of one *Zenas Lothrop*. The plaintiff proved by the same *Zenas Lothrop*, that he sold and delivered the oxen to the plaintiff in the fall of 1835, for sixty dollars, and that the plaintiff paid three dollars in cash, and gave his note for the residue. The plaintiff also proved, that the same oxen had been attached as the property of one *Harding;* that *Zenas Lothrop* had replevied them as his property ; and that the return of the officer on the writ of replevin, shew that on *August* 11, 1835, he delivered the oxen to *Zenas Lothrop* in the county of *Waldo.* The defendant proved by the officer's return, that the oxen were attached by *James Cook,* a deputy sheriff, in the county of *Lincoln,* *August* 12, 1835, as the property of *Zenas Lothrop,* at the suit of one *Page,* which suit was still pending when the present action was commenced. The only instruction or ruling of the Judge was, that the return of *James Cook* on the writ of *Jesse Page* against *Zenas Lothrop* and another on the twelfth day of *August,* 1835, was *prima facie* evidence of an attachment in the absence of evidence to rebut or control it, which would be valid until thirty days after judgment. No instruction was requested. The jury found, that the oxen were not the property of the plaintiff, and he filed exceptions.

*Harding,* for the plaintiff, said, that he had heard of a rule that the return of an officer was in some cases conclusive, but never before that it was *prima facie* evidence. An officer cannot make an attachment, unless he can take the property into his possession at the time. *Lane* v. *Jackson,* 5 *Mass. R.* 163 ; *Watson* v. *Todd, ib.* 271 ; *Vinton* v. *Bradford,* 13 *Mass. R.* 114 ; *Knap*

*v. Sprague,* 9 *Mass. R.* 258. The return must be false, because the oxen were then in the county of *Waldo,* where *Cook* could not attach them. The false return of an officer cannot defeat a *bona fide* sale.

*J. S. Abbott,* for the defendant, said, an officer's return was conclusive as to the facts contained in it, except in an action against him. *Slayton* v. *Chester,* 4 *Mass. R.* 478; *Estabrook* v. *Hapgood,* 10 *Mass. R.* 313; *Bean* v. *Parker,* 17 *Mass. R.* 591. The jury found that the oxen were not the property of the plaintiff, when he replevied them, and that is a sufficient defence.

The opinion of the Court was by

WESTON C. J. — The question in controversy between these parties was, whether the oxen replevied in this suit, at the time of the sale made by *Zenas Lothrop* to the plaintiff, were under attachment, as the property of *Zenas,* at the suit of *Jesse Page.* The officer who served the writ in favor of *Page,* returned that he had attached these oxen, on the twelfth of *August,* 1835, which was prior to the sale to the plaintiff. The Judge ruled, and so instructed the jury, that this was *prima facie* evidence of that fact, and that in the absence of all opposing testimony, the attachment would be valid, until thirty days after judgment. It does not appear to us, that the correctness of this opinion can be questioned. It was the legal and appropriate evidence of the existence of an attachment. No question as to what constitutes an attachment, or under what circumstances it is to be regarded as dissolved, is involved in this instruction.

If the counsel for the defendant would have raised the point, whether upon the evidence in the case, any attachment was in fact made, or whether if made, it was not lost or abandoned, he should have moved the Court to have instructed the jury, according to his views of the law. We are called upon only to decide upon the correctness of the instructions given, not whether other and further instructions might not have been appropriate. Other instructions may have been given; although those only are stated, in regard to which exceptions are taken. The exceptions are overruled; and there must be judgment for a return, damages and costs.